UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

                                        Criminal Case No. 15-20312
                                        Honorable Linda V. Parker

ANTHONY MICHAEL JELINEK,

        Defendant.
_____/

### AMENDED OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO REDUCE PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)(i) (ECF NO. 13)

      Presently before the Court is Defendant Anthony Michael Jelinek's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (ECF No. 13.) In December 2014, Defendant entered the storage room of a hotel that he did not have permission to access in Greenville, Texas, stealing a semi-automatic firearm and magazines for the rifle. (ECF No. 7 at Pg. ID 19.) Defendant subsequently plead guilty to one count of felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), (*id.* at Pg. ID 18), and was sentenced to 84 months of imprisonment, (ECF No. 10 at Pg. ID 61). Defendant now seeks compassionate release in light of the novel coronavirus (COVID-19).

      A defendant may move for compassionate release under § 3582(c)(1)(A) only after "fully exhaust[ing] all administrative rights to appeal a failure of the Bureau of

Prisons to bring a motion on the defendant's behalf" or "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." § 3582(c)(1)(A).  Under the statute, a court may reduce a defendant's term of imprisonment "after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that a reduction is consistent with applicable statements issued by the Sentencing Commission[.]"  18 U.S.C. § 3582(c)(1)(A)(i).  Here, the Government concedes that "Jelinek has a qualifying medical condition."  (ECF No. 17 at Pg. ID 141 (mentioning Defendant's aortic valve replacement)); *see also* (ECF No. 13 at Pg. ID 80 (discussing Defendant's two open heart surgeries, one of which occurred while in custody and both of which involved aortic heart value replacements).)  The Government also concedes that "Jelinek has properly exhausted his administrative remedies."  (ECF No. 17 at Pg. ID 132.)

The factors set forth in 18 U.S.C. § 3553(a) include a defendant's history and characteristics; the nature and circumstances of the crimes; due consideration of the seriousness of the crimes; promoting respect for the law; providing just punishment; affording adequate deterrence; protecting the public from further crimes by the defendant; and providing him with any necessary correctional services and treatment. *See* 18 U.S.C. § 3553(a).

Defendant's Presentence Investigation Report ("PSR") reflects a lengthy history of criminal behavior, including convictions for petty theft, assault and battery, malicious destruction of property, driving while license suspended, criminal trespassing, possession and use of controlled substances, and domestic violence. In addition, Defendant's instant offense was serious and involved the possession of a firearm.

While Defendant's criminal history is extensive, apart from the instant offense, each of his prior convictions took place more than eleven years ago. The majority of Defendant's convictions are misdemeanors or convictions for which he received a misdemeanor sentence. The Court also notes and considers that Defendant began using heroin at 28 years of age and—by his own admission—used it on a daily basis between 2002 and 2009. The most serious of his convictions took place during this time period. Pre-Trial Services opined that much of Defendant's criminal history appears to be fueled by his drug use. Finally, the Court considers the fact that, per Defendant's PSR, Defendant's substance abuse history has been categorized as a "moderate disorder" by the Texas Christian University Drug Screen.

While it is possible that Defendant may commit additional crimes if released, Defendant has displayed signs of rehabilitation during his most recent incarceration. Defendant has participated in (i) an anger management courses; (ii) a victim impact class; (iii) a "Relapse Prevention/Triggers Workshop"; (iv) a business management

resume class; (v) parenting classes; (vi) the "M.E.N of Influence" program, and (vii) has participated and served as a mentor in a non-residential, six-month drug treatment program. (ECF No. 13 at Pg. ID 70-71.) In addition, it appears Defendant has been disciplined only three times during his five years of incarceration, though all three infractions involved the use or possession of controlled substances. (ECF Nos. 19-1, 19-2.)

      Defendant's brother, Tom Jelinek, declared that, upon Defendant's release, he will house Defendant at his home in Fenton, Michigan, subject to any conditions and restrictions imposed by the Court and federal authorities. Moreover, Defendant has served over five of his seven-year sentence, and is two months away from his "hal[f]way house release date" of September 3, 2020 and eight months away from his projected release date of March 26, 2021. (ECF No. 13 at Pg. ID 80, 106.) The sentence that Defendant has served, combined with the period of supervised release that will follow, appropriately "reflect[s] the seriousness of the offense," "promote[s] respect for the law," and "provide[s] just punishment for the offense." 18 U.S.C. § 3553(a). Moreover, any risk posed by Defendant's release can be mitigated by his conditions of release, which will include 24-hour home incarceration during a portion of his supervised release period, as well as mandatory drug testing and cognitive behavior therapy as approved by the assigned probation officer.

Finally, the Court concludes that—for the reasons discussed above—the policy statements issued by the Sentencing Commission even before the passage of the First Step Act include provisions broad enough to cover the circumstances argued by Defendant. *See* U.S.S.G. § 1B1.13 ("[T]he Court may reduce a term of imprisonment . . . if . . . the court determines that [] extraordinary and compelling reasons warrant the reduction . . . [and] [t]he defendant is not a danger to the safety of any other person or to the community. . . .").

In light of the Defendant's risk of severe illness if he contracts COVID-19 and his conduct while incarcerated, though releasing Defendant is not without risk, the Court concludes that a reduction of his sentence is appropriate. Defendant should understand that the Probation Office will monitor him while on supervised release: The Court will not hesitate to recommit him to prison should he go astray.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (ECF No. 13) is **GRANTED**. The Court reduces his sentence to time served as of July 14, 2020. The period of supervised release shall be extended to two years and six months, with the first six months to be served under 24-hour home incarceration.

Defendant shall be released no later than Tuesday, July 14, 2020, and shall reside at his brother's residence in Fenton, Michigan, where Defendant shall remain

in self-quarantine for 14 days. Defendant shall notify the Probation Department for the Eastern District of Michigan within 24 hours of his arrival at his brother's residence, and is directed to follow the instructions of the assigned probation officer.

Defendant's 24-hour home incarceration will be enforced by location monitoring, using technology to be determined by the Probation Department. All requests to leave from the residence must be approved by the Probation Department in advance. Upon his release from custody, Defendant will be subject to the same conditions of supervised release imposed in his original sentence, which include mandatory drug testing and cognitive behavior therapy as approved by the assigned probation officer.

Upon the entry of this Order, defense counsel shall immediately contact the Probation Department to coordinate and facilitate enforcement of Defendant's electronic monitoring and other release conditions.

**IT IS SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: July 8, 2020